*536 The Court at General Term (after stating the facts as above), said :—“Of this disposition the defendant has no right to complain. There was a conflict which could only be determined by the jury. If the plaintiff had the truth on his side, there was no complete contract between the parties until May 2, and till then he had no right to remove the goods. Agreement in respect to the terms of the contract and payment then completed the contract, and then, for the first time, the title passed, and the plaintiff became entitled to the goods. Under these circumstances the defendant impliedly warranted the title, for the sale was not a sale of a right of action, but a sale of the goods themselves, and if nothing had been said as to a delivery, the law would imply, as a part of the contract, a license to call for the goods and to take them away. But the evidence went beyond, that. It showed that the defendant, through his agent, the auctioneer, at the time of the payment of the' purchase money which • the defendant subsequently accepted and retained, expressly agreed that the doors should be open in the afternoon of May 2, for the plaintiff to obtain his goods, and that after the plaintiff had thus called and failed to get the goods, further promises were made that he should have them. There was also evidence that the defendant delivered goods to other purchasers on May 2 and 3. Upon the whole case, therefore, there was abundant evidence to authorize the jury to find that the plaintiff was excusable in not having called for the goods before May 1, and, they having found so, their verdict should not be disturbed.
“ The fact that the goods were sold to be removed at the risk and cost of the purchaser, cannot relieve the defendant from liability. If the goods had suffered injury during removal, the loss would have fallen on the plaintiff. But that is not the contention. The plaintiff could not get the goods which the defendant by his contract was bound to deliver, in any condition whatever.
“Upon the facts which the jury must be deemed to *537 have found, the measure of damages is the actual value of the goods at the time of the failure of the defendant to deliver them ; viz., on May 2, 1883. In this respect the jury were correctly instructed and their verdict does not appear to be excessive.
James K. Hill, Wing & Shoudy, for appellant.
Jacob IF. Miller, for respondent.
Opinion by Freedman, J. ; Sedgwick, Oh. J., concurred.
Judgment and order affirmed, with costs.